**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| F.P. and M.P., individually and as next Friends of S.P., a minor child with disabilities, | : : : | CIVIL ACTION NO.: |
| Plaintiffs | : | |
| v. | : : | |
| GREENWICH BOARD OF EDUCATION, | : | |
| Defendant. | : : | June 16, 2023 |

**COMPLAINT WITH JURY DEMAND**

**I.   PRELIMINARY STATEMENT**

1.  Plaintiff S.P. ("Student") is a rising 7th Grade student with a disability, eligible for special education and related services under the protection of the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq.*, its enabling regulations, 34 C.F.R. §300.1, *et seq*, and Conn. Gen. Stat. §§10-76h(d)(4).  F.P. and M.P. ("Parents") are S.P.'s father and mother, respectively.  This proceeding is brought pursuant to the IDEA, which authorizes parents of students with disabilities, such as F.P. and M.P., the right to appeal when they disagree with the findings of an administrative Hearing Officer.  20 U.S.C. §1415(i)(2).  A due process hearing was held before Hearing Officer Patrick L. Kennedy on March 6, 2023, who subsequently determined that the Defendant failed to offer S.P. a free and appropriate public education (FAPE) and that the Parents' placement of S.P. at a private school was appropriate.  However, the Hearing Officer denied the parents' requested remedy of reimbursement for the cost of the private educational placement.  Plaintiffs are appealing only that portion of the April 10, 2023 Decision and Order ("Final Decision") that denied their requested remedy of

reimbursement. The equitable reasons cited by the hearing officer for denying reimbursement are irrelevant and impermissible pursuant to Second Circuit precedent. As will be set forth in Paragraph 23 below, this Appeal of the Final Decision is timely submitted.

2. Plaintiffs are *not* appealing the Hearing Officer's findings that: (1) Student had a disability and was eligible to receive special education; (2) Defendant failed to offer Student a free appropriate public education ("FAPE") during the 2022-2023 school year; and (3) the private school where Parents unilaterally placed Student was appropriate.

3. Plaintiffs are further asserting a claim, pursuant to IDEA, 20 U.S.C. §1415(i)(3), to recover their attorneys' fees.

## II.    JURSIDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 20 U.S.C. §§1415 (i)(2) and (3), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

5. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) as all parties reside or are situated in the State of Connecticut and the Plaintiffs' claim arose in the State of Connecticut.

## III.   PARTIES

6. S.P. is a rising 7th Grade student; his father is FP and his mother is MP. Student and his family reside in Greenwich, CT.

7. The defendant, Greenwich Board of Education, is the local educational agency ("school district") responsible for finding, evaluating, identifying and providing a Free and Appropriate Public Education (FAPE) under state and federal law to students with disabilities, like S.P.

## IV.     STATUTORY FRAMEWORK

8. The IDEA and Connecticut law require school districts to provide FAPE to children with disabilities who, because of their impairments, need special education and related services.  See, 20 USC §§1400(c) and 1401(a)(1); 34 C.F.R. §§300.1; 300.7(a)(1), and Conn. Gen. Stat. §10-76a to 10-76i. The school district must provide all students who are eligible for special education under the IDEA with an appropriate education via an individualized education program ("IEP"). Conn. Gen. Stat. §10-76d-11.

9. The "Child Find" provisions of the IDEA require school districts to evaluate any children who are suspected of having a disability.  20 U.S.C. §1414(a)(1); 34 C.F.R. §300.111. The school district of a student's residence is responsible under Child Find for conducting initial evaluations, even if the student is attending a private school in another district. See, U.S. Office of Special Education and Rehabilitative Services ("OSERS") *Letter to Eig,* 1/28/09, which offered federal guidance on this issue.  Eligibility for special education under the IDEA is then decided by a Planning and Placement team ("PPT"), which is composed of specific Board personnel, the parents, and when appropriate, the student.  Upon a finding that a student is eligible for specialized instruction and related services, the school district must offer an IEP, the contents of which are determined by the PPT.

10. The IDEA further provides that if a school district fails to offer FAPE to an eligible student, the parents are entitled to unilaterally place their student at a different school and seek reimbursement for the cost of that unilateral placement.  20 U.S.C. §1415 (d)(2)(H); 34 C.F.R. §300.148.

11. Connecticut State Law requires school districts to adhere to strict timelines when implementing an IEP for an eligible student.  Conn.Gen.Stat. §§10-76d013(a)(1) requires that, in

3

the case of a referral made during the school year, a determination be made regarding eligibility and, if eligible, the IEP be implemented within 45 school days of the initial referral to special education.

## V.     FACTS LEADING TO CLAIMS

12.     S.P.'s true name and identity is known to Defendant. He is a rising 7th Grade student and Western Middle School is his assigned school. S.P. has multiple disabilities that qualify him for special education. He has never attended public school, and Parents enrolled him in a private school that specializes in educating students with learning disabilities starting in the 2021-2022 school year.

13.     At the end of the 2021-2022 school year, but prior to summer recess, Plaintiffs referred Student to Defendant for special education services and sought an offer of FAPE. Defendant refused to consider their referral, based on its erroneous position that it was not obligated to evaluate Student unless he was enrolled in a Greenwich school. Plaintiffs, acting through counsel, engaged in numerous e-mail exchanges with Defendant and its counsel, in an effort to convince Defendant to process their referral and fulfill its statutory obligations. The Defendant refused to do this, even when presented with statutory authority and case law.

14.     In the meantime, Parents had already re-enrolled Student in the private school for the 2022-2023 school year. They did so with the understanding, based on contractual provisions in the enrollment contract, that they would be permitted to withdraw Student and receive a prorated refund in the event the Defendant offered FAPE.

15.     The Defendant advised that it would only accept Parents' referral for special education after they enrolled Student in this assigned public middle school (Western Middle School). Parents declined to enroll Student in the public school prior to a determination

regarding his eligibility for special education and an offer of FAPE. This was because they were concerned that without the necessary supports in place, a traditional school setting would be unable to educate their son and lead to a "bad situation." Parents also rejected an offer to visit the assigned middle school, as without an updated evaluation to comment on Student's education profile and needs, and an understanding of the services and interventions available to SP through his anticipated IEP, they would have no program to evaluate during such a visit.

16. After Defendant refused to accept Plaintiffs' referral and convene a PPT meeting to plan the necessary education evaluations, Plaintiffs hired a psychologist, Dr. Tara Levinson, to perform a psycho-educational evaluation of Student. Dr. Levinson completed the evaluation and made a number of educational recommendations in her formal report. Plaintiffs then filed for Due Process.

## VI. PROCEDURAL HISTORY

17. Plaintiffs filed for Due Process on January 24, 2023.

18. The Due Process Hearing was completed following one day of testimony on March 6, 2023.

19. The Final Decision of April 10, 2023, found in favor of Plaintiffs on all substantive counts. Specifically, the Hearing Officer found that Defendant was required to accept the initial parental referral for special education, that the Defendant's failure to do so amounted to a denial of FAPE, that Student was and remains eligible for special education services, and that the private school chosen by the Parents is appropriate.

20. The Final Decision of April 10, 2023 denied Plaintiffs' request for relief in the form of reimbursement for the expenses they incurred for their private (unilateral) placement. Although this reduction was purportedly done on "equitable" grounds, none of the factors relied

upon by the Hearing Officer for denying this relief involved any claim or opinion that the Plaintiffs interfered with the ability of Defendant to offer FAPE.

21. The Final Decision of April 10, 2023, was not sent to Plaintiffs until April 24, 2023.

22. On May 4, 2023, Plaintiffs timely filed a Motion for Reconsideration. Parents cited to the case law of this District Court and the Second Circuit, which limits the ability of a Hearing Officer to deny such reimbursements on equitable grounds to instances in which parents interfered with a school district's efforts to offer FAPE. See, *C.L. v Scarsdale Union Free School District.,* 744 F.3d 826 (2d Cir. 2014); *A. v Greenwich Board of Education*, 2016 WL 3951052 (D. Conn. 2016).

23. On May 5, 2023, Hearing Officer Kennedy denied Plaintiffs' Motion for Reconsideration. The IDEA permits states to set their own time limits for appealing due process decisions in federal district court. 20 U.S.C. §§1415(i)(2)(B). Conn. Gen. Stat. §10-76h(d)(4) requires appeals from IDEA due process decisions to be taken in the manner set forth in Con. Gen. Stat. § 4-183. This statute provides that the time limit for appeal is 45 days after the agency denies a petition for reconsideration of the final decision (Conn. Gen. Stat. § 4-183(c)(2)), or within 45 days after mailing of the final decision made after reconsideration (Conn.Gen.Stat. §4-183(c)(3)). Plaintiffs' time to Appeal therefore expires on June 20, 2023, as June 19, 2023 is a federal holiday. This Complaint is timely filed.

### VII. <u>CAUSES OF ACTION</u>

**Count 1:  Appeal of Administrative Special Education Due Process Hearing Pursuant to the IDEA and CGS 10-76h**

24. Plaintiffs reaver paragraphs 1-23.

25. The Findings of Fact contained in the Final Decision and Order of the Hearing Officer are not contested and are entitled to deference from this Court.

26. The Hearing Officer's legal conclusion that the Plaintiffs are not entitled to reimbursement of their unilateral placement, including tuition and transportation costs, is erroneous.

27. The Hearing Officer committed reversible error when he based his decision to deny the remedy of tuition reimbursement of the unilateral placement on factors that had no bearing on the school district's ability to offer FAPE. The law in the Second Circuit is clear that tuition reimbursement may only be denied on equitable grounds when the parents' conduct prevents or otherwise unreasonably limits a school district's ability to fulfill its obligations under IDEA.

28. Parents initially referred Student to the school district on June 20, 2023. Under the statutory timelines, set forth in Paragraph 10 above, and upon a finding of eligibility, the school district was required to implement an IEP and provide FAPE by November 1, 2023.

29. The tuition associated with the private placement for the 2022-2023 school year is $75,500. Parents sought, and are entitled to, pro-rated reimbursement for this tuition from November 1, 2023.

30. MP drives Student to and from his private placement. The cost of transportation – in this case, the mileage – is a reimbursable expense.

31. The Plaintiffs have incurred significant educational and legal costs as a result of the Defendant's violation of the IDEA and its implementing regulations.

**Count 2:     Claim for Reimbursement for Attorneys Fees**

32. Plaintiffs reaver paragraphs 1-31.

33.     Plaintiffs are the prevailing parties Because they are the prevailing party, Plaintiffs are entitled to recover their attorneys' fees. 34 C.F.R. §300.51(a)(1)(i).

## VIII. CLAIMS FOR RELIEF

WHEREFORE, Plaintiffs respectfully demand:

a.      Assumption of jurisdiction over this matter by the Court, including acceptance and review of the administrative record;

### AS TO COUNT ONE:

b.      Reversal of the Hearing Officer's findings and remedies as set forth above, with an order for appropriate remedies;

### AS TO COUNT TWO:

c.      Reimbursement of attorneys' fees.

### GENERALLY

d.      Grant the Plaintiffs as prevailing parties an award of their reasonable attorney fees and costs of litigation, in the administrative action below and in this federal appeal.

e.      Such other and further relief as this Court deems just and proper.

PLAINTIFFS F.P. and M.P., individually and as next friend of S.P.

By:     /s/*Meredith C. Braxton*
        Meredith C. Braxton (ct17395)
        MEREDITH C. BRAXTON, ESQ., LLC
        57 Old Post Rd. No. 2, Suite 201
        Greenwich, CT 06830
        Tel. (203) 661-4610
        Fax (203) 661-4611
        mbraxton@braxton-law.com